**UNITED STATES of America,**
**Appellee,**

v.

**Derrek PANNELL, Defendant–**
**Appellant.**

**No. 08–2386–cr.**

United States Court of Appeals,
Second Circuit.

April 7, 2009.

See also, 2007 WL 1087494 and 510 F.Supp.2d 185.

Paul P. Rinaldo, Grossman & Rinaldo, Forest Hills, NY, for Appellant.

Emily Berger, John J. Durham, Assistant United States Attorneys, for Benton J. Campbell, United States Attorney, Eastern District of New York, Brooklyn, NY, for Appellee.

Present: Hon. CHESTER J. STRAUB, Hon. ROSEMARY S. POOLER and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Derrek Pannell appeals from a judgment of the United States District Court for the Eastern District of New York (Gershon, J. ), entered on May 8, 2008, convicting him, after a jury trial, of conspiracy to rob a United States Post Office, the armed robbery of a United States Post Office, and brandishing a firearm, a semi-automatic handgun, in furtherance of that robbery, in violation of 18 U.S.C. §§ 371, 2114(a), and 924(c)(1)(A)(ii), respectively. We assume the parties' familiarity with the facts, procedural background, and specification of issues on appeal.[1]

Pannell first contends that the district court improperly exercised subject matter jurisdiction over the underlying criminal conduct—the robbery of a United States Post Office—because the United States does not own the land or property on which the post office is located and failed to obtain "exclusive jurisdiction" over that land and property. This argument fails because by enacting 18 U.S.C. § 2114 Congress prohibited the robbery "of anyone who is a custodian of 'any money or other property of the United States.'" *Garcia v. United States*, 469 U.S. 70, 80, 105 S.Ct. 479, 83 L.Ed.2d 472 (1984). Federal jurisdiction is properly predicated on the fact that "the stolen property in fact belonged to the [federal] Government." *United States v. Jermendy*, 544 F.2d 640, 641 (2d Cir.1976) (per curiam) (discussing jurisdictional basis for prosecution of theft in violation of 18 U.S.C. § 641); *United States v. LaPorta*, 46 F.3d 152, 158 (2d Cir.1994) (explaining that in prosecution under 18 U.S.C. § 1361 "[g]overnment title to the property is merely a 'jurisdictional fact' "). That the land on which Pannell committed these crimes was not within the "exclusive jurisdiction" of the federal government does not destroy federal jurisdiction or violate the Tenth Amendment. *See United States v. Smith*, 987 F.2d 888, 893 (2d Cir.1993) (The "argument that the court lacked jurisdiction over the bank robbery charges because 18 U.S.C. § 2113 violates the Tenth Amendment is also without merit."). Further, to the extent that Pannell otherwise challenges Congress's authority to enact 18 U.S.C. § 2114, that argument fails because in enacting that statute Congress simply exercised the long recognized authority conferred upon it by the Constitution "[t]o establish Post Offices and [P]ost

---

1. Pannell supplemented his attorney's brief with a pro se brief making several additional arguments. We address the issues raised in both briefs in this order.

Roads," U.S. Const. art. I, § 8, cl.7, and "[t]o make all Laws which shall be necessary and proper," U.S. Const. art. I, § 8, cl.18, for executing this task, including the prohibition of offenses against post offices. *See M'Culloch v. Maryland*, 17 U.S. (4 Wheat.) 316, 417, 4 L.Ed. 579 (1819); *U.S. Postal Serv. v. Brennan*, 574 F.2d 712, 714 (2d Cir.1978); *see also United States v. Lipscomb*, 299 F.3d 303, 324 (5th Cir.2002) ("Congress's postal power carrie[s] with it the ability to impose criminal penalties to protect federal interests advanced by that power."); *United States v. Dittrich*, 100 F.3d 84, 87 (8th Cir.1996) ("A law making it a crime to steal property from a Post Office is well within even the narrowest construction of the Necessary and Proper Clause.").

Pannell next argues that the district court improperly denied his motion to suppress the evidence recovered from his house pursuant to a search warrant. We see no reason to disturb the court's findings of probable cause, but in any event, evidence seized pursuant to a warrant is admissible even if the warrant lacks probable cause as long as the executing officers relied upon the warrant in "objective good faith." *See United States v. Leon*, 468 U.S. 897, 920, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984); *United States v. Moore*, 968 F.2d 216, 222 (2d Cir.1992). Pannell has not demonstrated that a " 'reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization,' " *Moore*, 968 F.2d at 222 (quoting *Leon*, 468 U.S. at 922 n. 23, 104 S.Ct. 3405), and accordingly, we find no error in the district court's ruling.

Pannell's third argument—that witness identification testimony was improperly admitted during his trial—also fails because, by not raising this issue before the district court, Pannell waived it. *See United States v. Salameh*, 152 F.3d 88,

125–26 (2d Cir.1998); Fed.R.Crim.P. 12(b)(3).

Next, Pannell asserts that the district court erred in denying his motion for a mistrial based upon a violation of his Fifth Amendment right to remain silent. We agree that "[i]t is generally impermissible for the prosecution to comment on the accused's invocation of his right to remain silent in an effort to impeach the accused's exculpatory testimony at trial." *United States v. Matthews*, 20 F.3d 538, 551–552 (2d Cir.1994). However, where, as here, the district court sustains objections to this line of questioning, delivers a curative instruction, and instructs the jury to disregard questions and answers to which an objection has been sustained, there is no constitutional violation. *See Greer v. Miller*, 483 U.S. 756, 763–65, 107 S.Ct. 3102, 97 L.Ed.2d 618 (1987). Nor do we think the prosecutor's *attempt* to violate the Constitution was so egregious as to deny Pannell due process. *See id.* at 765–66, 107 S.Ct. 3102. In light of the strong evidence of Pannell's guilt produced at trial and the context of the asserted violation, we find harmless whatever error there was. *See Brecht v. Abrahamson*, 507 U.S. 619, 629, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993); *Matthews*, 20 F.3d at 552; *United States v. Casamento*, 887 F.2d 1141, 1179–80 (2d Cir.1989).

Finally, Pannell complains of two sentencing enhancements—a two level enhancement under U.S.S.G. § 3C1.1 for committing perjury and thus obstructing justice, and a four-level enhancement under U.S.S.G. § 3B1.1(a) for playing a leadership role. We discern no error in the district court's finding that Pannell wilfully and materially committed perjury during his trial testimony. *See United States v. Worjloh*, 546 F.3d 104, 111 (2d Cir.2008) (per curiam) (permitting obstruction of

justice enhancement based on defendant's trial testimony). Nor do we find error in the court's imposition of the leadership enhancement, since there was ample evidence to support the conclusion that Pannell acted as an organizer or leader and that the robbery conspiracy involved five or more participants or was otherwise extensive. *United States v. Rubenstein,* 403 F.3d 93, 99 (2d Cir.2005); *United States v. Si Lu Tian,* 339 F.3d 143, 156 (2d Cir. 2003) ("A 'participant' for the purposes of an offense-role enhancement is someone 'who is criminally responsible for the commission of the offense,' but that person 'need not have been convicted.' " (quoting U.S.S.G. § 3B1.1, cmt. n. 1)).

We therefore affirm the judgment of the district court.