*Pannell v. United States*

# In the
# United States Court of Appeals
## FOR THE SECOND CIRCUIT

———

AUGUST TERM 2022
No. 21-2849

**DERREK PANNELL,**
*Petitioner-Appellant,*

v.

**UNITED STATES OF AMERICA,**
*Respondent-Appellee.*

———

On Appeal from the United States District Court
for the Eastern District of New York

———

ARGUED: MARCH 9, 2023
DECIDED: AUGUST 28, 2024

———

Before:    RAGGI, WESLEY, and MENASHI, *Circuit Judges*.

After Derrek Pannell robbed a United States Post Office in November 2005, he was convicted on three counts: conspiracy to commit a robbery of a United States Post Office in violation of 18 U.S.C. § 371; aggravated robbery of a United States Post Office in violation of 18 U.S.C. § 2114(a); and brandishing a firearm in

connection with a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Pannell sought *habeas* relief under 28 U.S.C. § 2255, arguing that aggravated postal robbery does not qualify as a crime of violence for the purposes of § 924(c). Because the base offense of § 2114(a) robbery in this case qualifies as a crime of violence, aggravated § 2114(a) robbery necessarily does. We affirm the order of the district court denying relief under § 2255.

———

KYLE SINGHAL (Shon Hopwood, *on the brief*), Hopwood & Singhal PLLC, Washington, DC, *for Petitioner-Appellant*.

GABRIEL PARK, Assistant United States Attorney (Amy Busa, Assistant United States Attorney, *on the brief*), *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY, *for Respondent-Appellee*.

———

MENASHI, *Circuit Judge*:

In November 2005, Derek Pannell and two accomplices robbed a United States Post Office in Brooklyn, New York. Following a jury trial in September 2007, Pannell was convicted on three counts: conspiracy to commit a robbery of a United States Post Office in violation of 18 U.S.C. § 371; aggravated robbery of a United States Post Office in violation of 18 U.S.C. § 2114(a); and brandishing a firearm in connection with a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii).

Following an unsuccessful direct appeal, Pannell sought *habeas* relief in successive motions under 28 U.S.C. § 2255. In the third such

motion, consolidated with the second, Pannell argued that his conviction for aggravated postal robbery did not qualify as a predicate crime of violence for the purposes of 18 U.S.C. § 924(c). In May 2021, our court determined that Pannell had made a *prima facie* showing that his proposed successive § 2255 motion satisfied the requirements of 28 U.S.C. § 2255(h)(2). *See* Motion Order, *Pannell v. United States*, No. 20-3034 (2d Cir. May 3, 2021), ECF No. 43. We transferred the motion to the district court, instructing it to determine "whether substantive § 2114 postal robbery is a 'crime of violence'" for the purposes of § 924(c). *Id.* at 2. In an opinion and order dated August 26, 2021, the district court decided that it was and, accordingly, denied the successive § 2255 motions. *See Pannell v. United States*, No. 06-CR-578, 2021 WL 3782729, at *4 (E.D.N.Y. Aug. 26, 2021).

On appeal, Pannell argues that his § 924(c) conviction was invalid for two reasons. First, he contends that aggravated postal robbery under § 2114(a) is not a crime of violence when guilt is based on a *Pinkerton* instruction, which permits a jury to convict a defendant of substantive offenses committed by his co-conspirators. *See Pinkerton v. United States*, 328 U.S. 640, 646-47 (1946). Second, he contends that aggravated postal robbery is not otherwise a crime of violence because it does not have as an element the use, attempted use, or threatened use of physical force.

Neither argument is persuasive. First, we have explained that "[u]nder a *Pinkerton* theory the defendant is convicted of the substantive offense—not of conspiring to commit the offense—so he has committed a crime of violence if the substantive offense is a crime of violence." *Gomez v. United States*, 87 F.4th 100, 104 (2d Cir. 2023). For that reason, a *Pinkerton* instruction does not affect the status of a predicate offense as a crime of violence. Second, we conclude that the

3

base offense of § 2114(a) robbery is a crime of violence, so Pannell's conviction for the aggravated version of that offense is necessarily a crime of violence as well. We affirm the order of the district court denying § 2255 relief.

## BACKGROUND

### I

On November 15, 2005, Derek Pannell and others robbed at gunpoint the James E. Davis Post Office in Brooklyn, New York. The robbers entered the Post Office through the employee entrance on the loading dock, which was secured by a mechanical keypad lock. Pannell knew the code to the lock because he was an employee of the Post Office at the time of the robbery.

Pannell and his accomplices encountered six employees inside the Post Office, five of whom they rear-cuffed with plastic zip-ties and ordered to lie face down on the floor. While Pannell and one accomplice held those employees at gunpoint, a third accomplice placed a gun at another employee's head, demanding that he unlock the safe that contained over $65,000. After obtaining the money from the safe, the three robbers fled the building and assaulted a Post Office supervisor whom they encountered outside.

### II

On September 25, 2007, after a jury trial, Pannell was found guilty on three counts: (1) conspiracy to commit robbery of a United States Post Office in violation of 18 U.S.C. § 371 ("Count One"); (2) aggravated robbery of a United States Post Office in violation of 18 U.S.C. § 2114(a) ("Count Two"); and (3) using a firearm in connection with a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) ("Count Three"). According to the verdict sheet, the

4

jury determined that the aggravated robbery charged in Count Two was the only underlying crime supporting the conviction on Count Three.

The district court sentenced Pannell to concurrent prison terms of five years on Count One and eighteen years on Count Two, and to a mandatory consecutive prison term of seven years on Count Three. This court affirmed the conviction and sentence on direct appeal. *See United States v. Pannell*, 321 F. App'x 51, 55 (2d Cir. 2009).

Pannell later filed his first motion for *habeas* relief under 28 U.S.C. § 2255, claiming ineffective assistance of counsel. The district court denied that motion, *see Pannell v. United States*, No. 10-CV-05166, 2014 WL 1478847, at *4 (E.D.N.Y. Apr. 15, 2014), and this court denied a certificate of appealability and dismissed the appeal because Pannell had not made a "substantial showing of the denial of a constitutional right," Motion Order, *Pannell v. United States*, No. 14-4223 (2d Cir. Apr. 15, 2015), ECF No. 41 (quoting 28 U.S.C. § 2253(c)).

## III

In June 2016, Pannell filed a successive motion under 28 U.S.C. § 2255, this time seeking relief following the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015), which held that a portion of the definition of "violent felony" in the Armed Career Criminal Act ("ACCA") was unconstitutionally vague. The Court invalidated the ACCA's "residual clause," which defines "violent felony" to include a crime that "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The Court left in place the ACCA's "elements clause," which defines "violent felony" to include a crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* § 924(e)(2)(B)(i); *see*

5

*Johnson*, 576 U.S. at 606. The two clauses defining "violent felony" in the ACCA parallel the two clauses defining "crime of violence" in § 924(c). [1] Pannell claimed that his conviction under 18 U.S.C. § 924(c)(3) could no longer be considered valid because that statute's residual clause was indistinguishable from the ACCA's residual clause that was declared unconstitutional in *Johnson*, and neither Count One nor Count Two qualified as a "crime of violence" under the elements clause of § 924(c)(3). *See* App'x 66.

Following *Johnson*, our court held that robbery under 18 U.S.C. § 1951(b)(1)—that is, "Hobbs Act robbery"—and conspiracy to commit Hobbs Act robbery each qualified as a "crime of violence" under § 924(c). *See United States v. Hill*, 890 F.3d 51, 59 (2d Cir. 2018); *United States v. Barrett* (*Barrett I*), 903 F.3d 166, 177 (2d Cir. 2018), *rev'd in relevant part by United States v. Barrett* (*Barrett II*), 937 F.3d 126 (2d Cir. 2019). The Supreme Court, however, subsequently decided *United States v. Davis*, 588 U.S. 445 (2019), which invalidated the residual clause of § 924(c) as unconstitutionally vague. After *Davis*, we recognized that conspiracy to commit Hobbs Act robbery could no longer qualify as a crime of violence under § 924(c). *See Barrett II*, 937 F.3d at 127.

In light of these decisions, Pannell filed supplemental briefing on his pending § 2255 motion. Pannell then filed another § 2255 motion, pro se, dated June 18, 2020. He sought permission from our court to file that successive motion because he believed that his

---

[1] Under § 924(c), a "crime of violence" is an offense that is a felony and either "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" or "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3).

counsel had not adequately argued the second motion; we forwarded the third motion to the district court under Federal Rule of Appellate Procedure 4(d). The district court consolidated both the counseled second motion and the pro se third motion, determined that it lacked jurisdiction to adjudicate the motions, and transferred the motions to this court.

On May 3, 2021, we determined that Pannell had made a *prima facie* showing under 28 U.S.C. § 2244 that his proposed consolidated second and third § 2255 motions satisfied the requirements of 28 U.S.C. § 2255(h)(2). That is, both motions addressed a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. We granted leave to file and transferred both motions back to the district court with instructions to "determine in the first instance, according to the modified categorical approach, whether substantive § 2114 postal robbery is a 'crime of violence'" under § 924(c). Motion Order, *Pannell v. United States*, No. 20-3034 (2d Cir. May 3, 2021), ECF No. 43 (citation omitted).

On remand, the district court considered both motions, denied relief, and denied a certificate of appealability. The district court concluded that both the base offense of postal robbery and the aggravated offense of "armed postal robbery which placed the victim's life in jeopardy by the use of a dangerous weapon" qualified as crimes of violence. *Pannell*, 2021 WL 3782729, at *4. The district court also rejected Pannell's argument that the jury instruction on Count Two, which allowed a conviction based on a *Pinkerton* theory, meant that he was not convicted of a crime of violence. *See id.* at *6.

7

## DISCUSSION

Pannell advances two arguments on appeal. First, he argues that aggravated § 2114(a) robbery cannot qualify as a categorical crime of violence under the elements clause of § 924(c) when liability might have been based on a *Pinkerton* theory. Second, he argues that, even absent a *Pinkerton* theory, aggravated § 2114(a) robbery does not qualify as a categorical crime of violence because committing the offense does not require the actual, attempted, or threatened use of force. We review *de novo* the legal conclusions underlying the denial of Pannell's § 2255 motions. *See Rivera v. United States*, 716 F.3d 685, 687 (2d Cir. 2013).

## I

Our prior decision in *Gomez* resolves Pannell's first argument. In that case, we concluded that "a conviction for intentional murder under New York law, even when the conviction is based on a *Pinkerton* theory, is a categorical crime of violence that can support a § 924(c) conviction." *Gomez*, 87 F.4th at 104. We explained that "[u]nder a *Pinkerton* theory the defendant is convicted of the substantive offense—not of conspiring to commit the offense—so he has committed a crime of violence if the substantive offense is a crime of violence." *Id.* Thus, "[b]ecause *Pinkerton* does not transform a substantive offense into a conspiracy offense, it does not implicate *Davis*." *Id.* That holding applies equally in this case, so we are bound to reject Pannell's first argument.

## II

Pannell's second argument also fails. Aggravated § 2114(a) robbery qualifies as a categorical crime of violence that may serve as a predicate for a § 924(c) conviction.

8

## A

Section 924(c) criminalizes the use or carrying of a firearm "during and in relation to any crime of violence ... for which the [defendant] may be prosecuted in a court of the United States." 18 U.S.C. § 924(c)(1)(A). A "crime of violence" is a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *Id.* § 924(c)(3)(A).

To determine whether a predicate offense qualifies as a crime of violence, we "employ what has come to be known as the 'categorical approach.'" *Hill*, 890 F.3d at 55 (quoting *Taylor v. United States*, 495 U.S. 575, 600 (1990)). "[T]he categorical approach requires us to consider the minimum conduct necessary for a conviction of the predicate offense … and then to consider whether such conduct amounts to a crime of violence under § 924(c)(3)(A)." *Id.* at 56. In other words, we must "'look only to the statutory definitions'—*i.e.*, the elements—of [the] defendant's prior offenses, and *not* 'to the particular facts underlying those convictions.'" *Descamps v. United States*, 570 U.S. 254, 261 (2013) (quoting *Taylor*, 495 U.S. at 600).

Some statutes "have a more complicated (sometimes called 'divisible') structure, making the comparison of elements harder." *Mathis v. United States*, 579 U.S. 500, 505 (2016) (quoting *Descamps*, 570 U.S. at 260). For example, "[a] single statute may list elements in the alternative, and thereby define multiple crimes." *Id.* A statute will be considered divisible when it "lists multiple elements disjunctively" but not when it simply "enumerates various factual means of a committing a single element." *Id.* at 506. "If the statute of offense is 'divisible'" in that "it defines multiple separate crimes," we will "apply the 'modified categorical' approach and look at 'a limited class of documents' from the record of conviction to 'determine what

9

crime, with what elements, a defendant was convicted of.'" *Gray v. United States*, 980 F.3d 264, 266 (2d Cir. 2020) (quoting *Mathis*, 579 U.S. at 505-06). Such documents include "the indictment, jury instructions, or plea agreement and colloquy." *Mathis*, 579 U.S. at 505.

**B**

The predicate statute in this case provides as follows:

> A person who assaults any person having lawful charge, control, or custody of any mail matter or of any money or other property of the United States, with intent to rob, steal, or purloin such mail matter, money, or other property of the United States, or robs or attempts to rob any such person of mail matter, or of any money, or other property of the United States, shall, for the first offense, be imprisoned not more than ten years; and if in effecting or attempting to effect such robbery he wounds the person having custody of such mail, money, or other property of the United States, or puts his life in jeopardy by the use of a dangerous weapon, or for a subsequent offense, shall be imprisoned not more than twenty-five years.

18 U.S.C. § 2114(a). As both parties recognize, § 2114(a) is divisible into multiple distinct offenses. First, it is divisible between a base offense, which carries a punishment of up to ten years of imprisonment, and an aggravated offense, which carries a punishment of up to twenty-five years of imprisonment. Second, the base offense is itself divisible into three offenses: (1) assault with an intent to rob, steal, or purloin; (2) attempted robbery; and (3) completed robbery. Third, the aggravated offense requires the government to prove one of the following additional elements: (1) the defendant "wounds" the victim, (2) the defendant puts the victim's life in jeopardy by the use of a dangerous weapon, or (3) a second or

10

subsequent conviction for a base § 2114(a) offense. These offenses are distinct because the statute lists elements in the alternative and thereby defines multiple crimes. *See Mathis*, 579 U.S. at 505.

To decide which § 2114(a) offense Pannell committed, we consider the indictment and the jury instructions. *See Mathis*, 579 U.S. at 505-06 (explaining that under "the 'modified categorical approach' … a sentencing court looks to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of"). For Count Two, the indictment charged that Pannell "*did* knowingly and intentionally *assault and rob persons* having lawful charge, custody and control of property of the United States … and put such persons' lives in jeopardy by the use of a dangerous weapon." App'x 2-3 (emphasis added). The district court instructed the jury as follows:

> To find the defendant guilty of the crime charged in Count Two, you must find that the government has proven the following four elements beyond a reasonable doubt:
>
> First, that the *defendant took money or other property* of the United States from the person or presence of another having lawful charge, control and custody of the money or property;
>
> Second, that the *taking was done by "robbery,"* that is, by force, violence, or intimidation;
>
> Third, that in carrying out the robbery, *the defendant put the life of the person having control of the money in jeopardy by use of a dangerous weapon*; and
>
> Fourth, that the defendant acted knowingly and intentionally.

*Id.* at 23 (emphasis added). The indictment and the jury instructions indicate that Pannell was convicted of the aggravated § 2114(a) offense that combines the third type of base offense—completed robbery—with the aggravating element of putting "life in jeopardy by the use of a dangerous weapon." 18 U.S.C. § 2114(a).

We begin the analysis under the categorical approach by examining the base offense of completed § 2114(a) robbery. We must identify "the minimum criminal conduct necessary for conviction" of that offense and decide whether that conduct qualifies as a "crime of violence." *United States v. Acosta*, 470 F.3d 132, 135 (2d Cir. 2006). Congress "simply punished 'robbery'" in § 2114(a), "thereby leaving the definition of the[] term[] to the common law." *Carter v. United States*, 530 U.S. 255, 267 n.5 (2000). In *Stokeling v. United States*, 586 U.S. 73 (2019), the Supreme Court held that common-law robbery qualifies as a crime of violence under the ACCA's elements clause. It does so because the elements clause of the definition of "violent felony" under the ACCA, 18 U.S.C. § 924(e), "encompasses robbery offenses that require the criminal to overcome the victim's resistance," *Stokeling*, 586 U.S. at 77. The Court noted that "the elements of the common-law crime of robbery" have "long required force or violence" because "robbery that must overpower a victim's will—even a feeble or weak-willed victim—necessarily involves a physical confrontation and struggle." *Id*. at 77-84. Such a confrontation "need not cause pain or injury or even be prolonged" to entail the use of physical force. *Id*. at 83.

As noted above, the elements clause defining "violent felony" in the ACCA parallels the elements clause defining "crime of

violence" in § 924(c).[2] Given those "similarities," we have "looked to cases analyzing [the] ACCA's elements clause to interpret the similarly worded [elements] clause presented in [§ ]924(c)(3)(A)." *United States v. Evans*, 924 F.3d 21, 29 n.4 (2d Cir. 2019) (internal quotation marks and alteration omitted). Following *Stokeling* and *Carter*, we conclude that the base offense of completed § 2114(a) robbery qualifies as a crime of violence under § 924(c) because it "mirror[s] the elements of the common-law crime of robbery," *Stokeling*, 586 U.S. at 77, and therefore "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," 18 U.S.C. § 924(c)(3)(A).[3] Because the base offense of completed § 2114(a) robbery qualifies as a categorical crime of violence, an aggravated offense that incorporates the elements of that base offense necessarily qualifies too.

## C

In this appeal, Pannell focuses on the aggravated rather than the base offense of § 2114(a) robbery. He argues that aggravated § 2114(a) robbery is not a crime of violence because the "life in jeopardy by the use of a dangerous weapon" clause "requires the government to prove only that in attempting an assault or robbery upon a postal worker (*i.e.*, in taking a substantial step towards that crime), the defendant's use of a dangerous weapon put the worker's

---

[2] *Compare* 18 U.S.C. § 924(e)(2)(B)(i) ("has as an element the use, attempted use, or threatened use of physical force against the person of another"), *with* 18 U.S.C. § 924(c)(3)(A) ("has as an element the use, attempted use, or threatened use of physical force against the person or property of another").

[3] The Ninth Circuit has similarly concluded that "[t]he term 'rob' in § 2114(a) means common-law robbery," *Gray v. United States*, 830 F. App'x 210, 211 (9th Cir. 2020) (citing *Carter*, 530 U.S. at 267 n.5), "and common-law robbery is a crime of violence," *id.* (citing *Stokeling*, 586 U.S. at 86).

life in jeopardy" and not that physical force was necessarily used, attempted, or threatened. Appellant's Br. 38-39. The defendant might have had a dangerous weapon on his person that created perilous conditions, Pannell suggests, without the defendant drawing the weapon to threaten or to employ force. *See id*. at 39-40. Other circuits have rejected the view that this aggravated variant of the offense does not require at least the threatened use of physical force.[4] But we need not resolve the issue here. Because Pannell's crime of aggravated § 2114(a) robbery incorporates the elements of the base offense of completed § 2114(a) robbery—and the elements of that base offense necessarily entail the use, attempted use, or threatened use of physical force—he was convicted of a categorical crime of violence that may serve as a predicate for his § 924(c) conviction.

## CONCLUSION

Because the base offense of completed robbery under 18 U.S.C. § 2114(a)—regardless of whether the conviction was based on a *Pinkerton* theory of liability—qualifies as a categorical crime of violence, Pannell's § 924(c) conviction was supported by a valid predicate offense. We affirm the order of the district court denying Pannell's motions under § 2255.

---

[4] *See United States v. Buck*, 23 F.4th 919, 927-28 (9th Cir. 2022); *United States v. Bryant*, 949 F.3d 168, 180 (4th Cir. 2020); *Knight v. United States*, 936 F.3d 495, 500 (6th Cir. 2019); *United States v. Enoch*, 865 F.3d 575, 581 (7th Cir. 2017); *see also In re Watt*, 829 F.3d 1287, 1289 (11th Cir. 2016).