22-1937-pr
Campbell v. United States

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of April, two thousand twenty-six.

PRESENT:  GUIDO CALABRESI,
　　　　　　RAYMOND J. LOHIER, JR.,
　　　　　　BETH ROBINSON,
　　　　　　　　*Circuit Judges*.
-------------------------------------------------------------------
MICHAEL CAMPBELL,

　　　　*Plaintiff-Appellant*,

　　　v.　　　　　　　　　　　　　　　　　　　　　No. 22-1937-pr

UNITED STATES OF AMERICA,

　　　　*Defendant-Appellee*.
-------------------------------------------------------------------

1

FOR PETITIONER-APPELLANT: YUANCHUNG LEE, Federal Defenders of New York, Inc., New York, NY

FOR RESPONDENT-APPELLEE: REMY GROSBARD (Nathan Rehn, *on the brief*), Assistant United States Attorneys, *for* Jay Clayton, United States Attorney for the Southern District of New York, New York, NY

Appeal from an order of the United States District Court for the Southern District of New York (John F. Keenan, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the District Court is VACATED and the case is REMANDED for further proceedings.

Michael Campbell appeals from the July 13, 2022 order of the United States District Court for the Southern District of New York (Keenan, *J.*) denying his motion for relief under 28 U.S.C. § 2255. In February 2014 Campbell pleaded guilty, pursuant to a plea agreement, to a two-count superseding information. Count One charged Campbell with using and carrying a firearm in furtherance of a crime of violence, namely, assault in aid of racketeering, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2. On appeal, Campbell argues that his § 924(c) conviction on Count One must be vacated because it is not predicated on a crime

2

of violence. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to vacate and remand.

"[W]e review *de novo* a district court's denial of a § 2255 motion." *McCloud v. United States*, 987 F.3d 261, 264 (2d Cir. 2021). 18 U.S.C. § 924(c) makes it a crime to use or carry a firearm during and in relation to any "crime of violence." 18 U.S.C. § 924(c)(1)(A). Following the Supreme Court's decision in *United States v. Davis*, 588 U.S. 445, 470 (2019), an offense qualifies as a predicate "crime of violence" only if it falls within the "elements" clause of § 924(c)(3). A felony offense must thus "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). We employ the categorical approach to determine whether an offense qualifies as a crime of violence that falls within the elements clause. *See United States v. Hill*, 890 F.3d 51, 55 (2d Cir. 2018). Under the categorical approach, we "identify the minimum criminal conduct necessary for conviction under a particular statute by looking only to the statutory definitions" and "evaluate whether this minimum conduct falls within the definition of a crime of

violence under [§ ]924(c)(3)(A)." *United States v. Pastore*, 83 F.4th 113, 118 (2d Cir. 2023) (cleaned up).

Where a statute is divisible because it "sets out one or more elements of the offense in the alternative," we apply the modified categorical approach. *Descamps v. United States*, 570 U.S. 254, 257 (2013). "Under the modified categorical approach, we may review a limited class of documents from the record of conviction to determine what crime, with what elements, a defendant was convicted of." *Pastore*, 83 F.4th at 118–19 (quotation marks omitted); *see also Shepard v. United States*, 544 U.S. 13, 16 (2005). After identifying what crime the defendant was convicted of, we "then return to the categorical analysis and compare the elements of the offense of conviction with [§ ]924(c)(3)(A)'s definition of a crime of violence." *Pastore*, 83 F.4th at 119 (quotation marks omitted).

As the parties agree, Campbell's conviction on Count One is predicated on the offense of assault with a deadly weapon in violation of the Violent Crimes in Aid of Racketeering (VICAR) statute. *See* 18 U.S.C. § 1959(a)(3); *United States v. Morris*, 61 F.4th 311, 318–19 (2d Cir. 2023). VICAR assault with a deadly weapon is itself "divisible into multiple crimes" because an element of that offense is that

4

the assault was committed "in violation of the laws of any State or the United States." *Morris*, 61 F.4th at 319 (quotation marks omitted). We therefore apply the modified categorical approach to "identify the *specific* predicate [state or federal] crime" that Campbell violated during the VICAR assault with a deadly weapon. *Id.* We then "look to that predicate offense to determine whether [Campbell] was charged with and convicted of a crime of violence." *United States v. Davis*, 74 F.4th 50, 54 (2d Cir. 2023) (cleaned up).

During his plea colloquy, Campbell allocuted as follows with respect to Count One:

> On or about July 5, 2009, . . . I participated in the murder of Jordan Jones[.] . . . I knew that a firearm would be used during the commission of the offense and, in fact, the firearm was discharged. My associate and I engaged in this offense in retaliation for a previous incident with another group. This offense allowed my associate and I to maintain our position with our group.

App'x 66. Citing *Morris*, 61 F.4th at 319–20, in which we affirmed the § 924(c) conviction of Campbell's co-defendant, the Government argues that Campbell's admissions during his plea colloquy demonstrate that Campbell's VICAR assault with a deadly weapon offense was premised on assault in the first degree under New York Penal Law § 120.10(1) or assault in the second degree under New York Penal Law § 120.05(2). Both of these state penal law provisions require that the

5

defendant have acted with "intent to cause" "physical injury to another person."
N.Y. Penal Law §§ 120.10(1), 120.05(2). The Government asserts that "Campbell's admission to participating in the murder of Jordan Jones necessarily includes an admission to intentionally causing serious physical injury." Appellee's Br. 21 (cleaned up).

We are unpersuaded. In *Morris*, the defendant admitted that his "purpose" was to "assault[]" the victim, that he "agree[d] to shoot" the victim, and that he did in fact "sh[oot]" the victim. *Morris*, 61 F.4th at 319 (quotation marks omitted). By contrast, Campbell's plea allocution does not itself demonstrate that he intended to cause physical injury. Campbell's statement that he "participated in [a] murder," App'x 66, leaves ambiguity as to Campbell's state of mind since, as the Government acknowledges, "murder" is a broad term that encompasses unintentional as well as intentional killings, *see, e.g.*, N.Y. Penal Law §§ 125.25(2)–(3); *Policano v. Herbert*, 7 N.Y.3d 588, 596 (2006); *People v. Stokes*, 88 N.Y.2d 618, 623 (1996). Nor do Campbell's further admissions that he participated in the offense "in retaliation for a previous incident" and "to maintain [his] position with [his] group," App'x 66, compel the conclusion that Campbell intended to cause physical injury, *cf. United States v. Mapp*, 170 F.3d

6

328, 335–36 (2d Cir. 1999); *People v. Irizarry*, 83 N.Y.2d 557, 559–60 (1994) (affirming a conviction for felony murder arising from the defendant's participation in a retaliatory robbery). As the Government candidly acknowledged at oral argument, had Campbell allocuted to participating in a felony murder, we could not categorically conclude that he had intentionally caused physical injury, although that would certainly be a real possibility. Our inquiry under the modified categorical approach demands that Campbell's guilty plea "necessarily admitted elements of the predicate offense." *See United States v. Savage*, 542 F.3d 959, 966 (2d Cir. 2008) (cleaned up). Because the *Shepard* materials leave some ambiguity as to whether Campbell admitted to intentionally participating in the underlying offense, we cannot say that Campbell acted with the requisite intent under New York Penal Law §§ 120.10(1) or 120.05(2). *See id.* at 966–67.

Instead, based on our review of the *Shepard* materials only, we must conclude that, at most, Campbell admitted to "recklessly caus[ing] serious physical injury . . . by means of a deadly weapon" in violation of New York Penal Law § 120.05(4), which requires only a *mens rea* of recklessness. This is a result

that, however counterintuitive it may be given what we know about the evidence beyond the *Shepard* materials, the modified categorical approach compels.

Campbell asserts, and the Government does not dispute, that, following *Borden v. United States*, an offense under § 120.05(4) does not qualify as a crime of violence. *See* 593 U.S. 420, 445 (2021) ("Offenses with a *mens rea* of recklessness do not qualify as violent felonies under [the Armed Career Criminal Act].").  Because "the elements clause defining 'violent felony' in the [Armed Career Criminal Act]" at issue in *Borden* closely "parallels the elements clause defining 'crime of violence' in § 924(c)," we agree. *See Pannell v. United States*, 115 F.4th 154, 161–62 (2d Cir. 2024).  Accordingly, we conclude that the *Shepard* materials do not establish that Campbell committed a predicate crime of violence to support his 18 U.S.C. § 924(c) conviction.

We therefore vacate the District Court's denial of Campbell's § 2255 petition and remand to the District Court for it to vacate Campbell's § 924(c) conviction on Count One and resentence him.  In reaching this conclusion, we are mindful that, after Campbell's conviction on Count One is vacated, the Government may, pursuant to Campbell's plea agreement, commence or

reinstate any prosecution that was not time-barred on the date that the plea

agreement was signed.  App'x 48.

For the foregoing reasons, the order of the District Court is VACATED and

the case is REMANDED for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court