25-210-cr
*United States v. Ross*

# United States Court of Appeals
## for the Second Circuit

AUGUST TERM 2025
No. 25-210-cr


UNITED STATES OF AMERICA,
*Appellee,*


*v.*


GRACE ROSS,
*Defendant-Appellant.*


ARGUED: FEBRUARY 12, 2026
DECIDED: MAY 29, 2026


Before:     JACOBS, CALABRESI, and NATHAN, *Circuit Judges.*


Defendant-Appellant Grace Ross conditionally pled guilty in the United States District Court for the District of Vermont (Sessions, *J.*) to a single count of possessing a firearm after previously having been convicted of a "misdemeanor crime of domestic violence" under 18 U.S.C. § 922(g)(9).   On appeal, Ross argues that her 2003 conviction under a Vermont domestic assault law, 13 V.S.A. § 1042, does not meet the definition of a "misdemeanor crime of domestic violence" because it does not require proof, as an element, of "the use or attempted use of physical force."   18 U.S.C. § 921(a)(33)(A)(ii).

We conclude that (i) 13 V.S.A. § 1042 is divisible into three offenses; (ii) of them, Ross's conviction was for "wilfully or recklessly caus[ing] bodily injury to a family or household member"; and (iii) that offense requires proof of the use of

physical force.    Accordingly, Ross's conviction qualifies as a misdemeanor crime of domestic violence.    The judgment of conviction is **AFFIRMED.**

BARCLAY T. JOHNSON, Assistant Federal Public Defender, *for* Michael J. Desautels, Federal Public Defender for the District of Vermont, Burlington, VT, *for Defendant-Appellant*.


DAVID GOLUBLOCK (Eugenia A.P. Cowles, *on the brief*), Assistant United States Attorneys, *for* Michael P. Drescher, Acting United States Attorney for the District of Vermont, Burlington, VT, *for the United States of America*.

DENNIS JACOBS, *Circuit Judge*:

Defendant-Appellant Grace Ross conditionally pled guilty in the United States District Court for the District of Vermont (Sessions, *J.*) to a single count of possessing a firearm after previously having been convicted of a "misdemeanor crime of domestic violence" under 18 U.S.C. § 922(g)(9). On appeal, Ross argues that her prior conviction under a Vermont domestic assault law, 13 V.S.A. § 1042, does not meet the definition of a "misdemeanor crime of domestic violence" because it does not require proof, as an element, of "the use or attempted use of physical force." 18 U.S.C. § 921(a)(33)(A)(ii).

We conclude that (i) 13 V.S.A. § 1042 is divisible into three offenses; (ii) of them, Ross's conviction was for "wilfully or recklessly caus[ing] bodily injury to a family or household member," 13 V.S.A. § 1042 (1993)[1]; and (iii) that offense requires proof of the use of physical force. Accordingly, Ross's conviction qualifies as a misdemeanor crime of domestic violence. We therefore affirm the conviction.

---

[1] We cite here the version of 13 V.S.A. § 1042 in effect at the time of Ross's conviction in 2003. It is identical in all material respects to the current version, 13 V.S.A. § 1042 (2007), which in substance altered only the maximum term of imprisonment for violating the provision.

# I

In 2003, Ross pled guilty to a one-count information charging her with domestic assault under 13 V.S.A. § 1042, for assaulting her boyfriend.

Many years later, in July 2021, Burlington police suspected Ross of involvement in an apparent road-rage incident. In the ensuing traffic stop, police recovered a 9mm pistol from her car. In October, federal prosecutors charged Ross with a single count of violating 18 U.S.C. § 922(g)(9) for possessing a firearm after her 2003 conviction under 13 V.S.A. § 1042.

Ross moved to dismiss the indictment in the district court, arguing that the 2003 conviction did not qualify as a "misdemeanor crime of domestic violence" under the definition of that term in 18 U.S.C. § 921(a)(33)(A) because it did not require proving "the use or attempted use of physical force." 18 U.S.C. § 921(a)(33)(A)(ii). The district court denied that motion from the bench at an August 15, 2022 hearing. Ross entered a conditional plea in January 2023, reserving the right to contest the conviction on the ground presented in this appeal. Ross was sentenced to time served and one year of supervised release. This appeal followed.

4

## II

Section 922(g)(9) makes it a felony to possess a firearm after a prior conviction for a "misdemeanor crime of domestic violence." 18 U.S.C. 922(g)(9). Federal law defines that term as a "misdemeanor under Federal, State, Tribal, or local law" that, *inter alia*, "has, as an element, the use or attempted use of physical force" against certain domestic relations. 18 U.S.C. § 921(a)(33)(A)(i)–(ii).[2] Ross concedes her 2003 conviction under 13 V.S.A. § 1042, but she argues that the elements of that statute do not include the use of physical force.

The Vermont statute punishes a variety of acts; though all are bad, it is arguable that fewer than all entail the use of physical force. So, to determine whether 13 V.S.A. § 1042 meets the use-of-force definition in 18 U.S.C. § 921(a)(33)(A), we first decide whether the statute is "divisible." *Mathis v. United States*, 579 U.S. 500, 505 (2016). A statute is *divisible* if it "lists elements in the alternative, and, in doing so, creates a separate crime associated with each alternative element." *Harbin v. Sessions*, 860 F.3d 58, 64 (2d Cir. 2017). A statute

---

[2] An offense may also qualify as a misdemeanor crime of domestic violence if it "has, as an element, . . . the threatened use of a deadly weapon." 18 U.S.C. § 921(a)(33)(A)(ii). The Government does not argue that 13 V.S.A. § 1042 contains such an element.

is *indivisible* if it "creates only a single crime" even though "it may 'spell out various factual ways,' or 'means,' 'of committing some component of the offense.'" *Id.* (alteration accepted) (quoting *Mathis*, 579 U.S. at 506). When a statute spells out alternative factual means, the jury "need not agree on the particular means by which the defendant committed the crime" in order to convict. *Id.*

Divisibility (or not) determines the analysis we conduct. For indivisible statutes, we use a "categorical approach," *id.*, which ignores the facts of the particular case and asks whether the statute "always requires the government to prove . . . as an element of its case" the use or attempted use of physical force, *United States v. Taylor*, 596 U.S. 845, 850 (2022). In so doing, we "presume that the conviction rested upon nothing more than the least of the acts criminalized under the state statute." *Mellouli v. Lynch*, 575 U.S. 798, 805 (2015) (citations and internal quotation marks omitted).

Divisible statutes are analyzed under a modified categorical approach, which allows examination of "a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements" underlies the defendant's predicate conviction. *Mathis*, 579 U.S. at 505. We then "compare that crime, as the categorical approach

6

commands," to the use-of-force definition in 18 U.S.C. § 921(a)(33)(A). *Id.* at 506.

Ross contends that 13 V.S.A. § 1042 is indivisible – *i.e.*, that the statute defines a single set of elements constituting a single offense – and that at least two component crimes of 13 V.S.A. § 1042 require no proof that force was used: (1) "attempt[ing] to cause . . . bodily injury to a family or household member," and (2) "willfully caus[ing] a family or household member to fear imminent serious bodily injury." 13 V.S.A. § 1042. The Government counters that 13 V.S.A. § 1042 is divisible into three offenses, and that the sole offense underlying Ross's conviction – "wilfully or recklessly caus[ing] bodily injury to a family or household member" – assuredly requires proving the use of force.[3] *Id.*

### III

#### A. Statutory Text

When analyzing whether a statute is divisible, "we begin with the statute's text." *Harbin*, 860 F.3d at 64. The Vermont statute provides:

> Any person who attempts to cause or wilfully or recklessly causes bodily injury to a family or household member, or wilfully causes a

---

[3] The Government also argues that "attempt[ing] to cause . . . bodily injury" requires proving the use of force. *Id.* Because we will conclude *infra* that the attempt crime in 13 V.S.A. § 1042 is divisible from the completed crime, and that Ross committed only the completed crime, we need not reach this question.

family or household member to fear imminent serious bodily injury shall be imprisoned not more than one year or fined not more than $5,000.00, or both.

13 V.S.A. § 1042. We read this text to proscribe three offenses against a household member: (1) attempting to cause bodily injury; (2) willfully or recklessly causing bodily injury; and (3) willfully causing fear of imminent serious bodily injury.

The repeated use of the disjunctive ("or") suggests that § 1042 "list[s] elements in the alternative, and thereby define[s] multiple crimes." *Mathis*, 579 U.S. at 505. While the disjunctive structure is "not necessarily dispositive in finding divisibility," it is "indicative." *Colotti v. United States*, 71 F.4th 102, 113 (2d Cir. 2023); *see also United States v. Scott*, 990 F.3d 94, 99 n.1 (2d Cir. 2021) (en banc) (concluding that New York's first-degree manslaughter statute, with three crimes separated by "or," is divisible); *Flores v. Holder*, 779 F.3d 159, 166 (2d Cir. 2015) (concluding that New York's first-degree sexual abuse statute, with four elements separated by "or," is divisible).

More than a conjunction separates the willful inducement of "fear [of] imminent serious bodily injury" from the willful or reckless infliction of "bodily injury." 13 V.S.A. § 1042. The two phrases differ in their minimum mental-state requirements (willfulness versus recklessness) and in the specific result that the

8

government must prove (a "fear [of] imminent serious bodily injury" versus a "bodily injury"). They describe separate offenses, not two "factual means of committing a single element." *Mathis*, 579 U.S. at 506.

Similarly, an "attempt[] to cause . . . bodily injury" is distinct from actually causing it. 13 V.S.A. § 1042. Ask any victim. This Court has treated attempt crimes as divisible from completed crimes in the context of categorical analysis. *See United States v. Ullah*, 173 F.4th 399, 429 (2d Cir. 2026) (concluding that the "attempted offense[]" of using an explosive device in a public place under 18 U.S.C. § 2332f(a) is divisible from the "completed" offense); *Pannell v. United States*, 115 F.4th 154, 160 (2d Cir. 2024) (concluding that "attempted robbery" under 18 U.S.C. § 2114(a) is divisible from "completed robbery"); *see also Colotti*, 71 F.4th at 118–19 (treating the completed crime of larceny by extortion under New York law as divisible from attempt or conspiracy).[4] That distinction between the attempt

---

[4] As this Court recently observed in *Ullah*, "other circuits have come to the same conclusion that the completed offense and attempted offense for different criminal statutes are separate offenses, even where those offenses are not broken out into separate statutory subsections." 173 F.4th at 430 n.20. *See, e.g., United States v. Roof*, 10 F.4th 314, 403 (4th Cir. 2021) (concluding that 18 U.S.C. § 247(a)(2) is divisible into "completed and attempted versions of the crime"); *United States v. Linehan*, 56 F.4th 693, 700 (9th Cir. 2022) (concluding that "[18 U.S.C.] § 844(d) is divisible into completed and attempted offenses").

and the deed is consequential in Hobbs Act cases, 18 U.S.C. § 1951(a), because an attempted robbery no longer qualifies as a "crime of violence" under the use-of-force definition in 18 U.S.C. § 924(c)(3)(A), *see Taylor*, 596 U.S. at 860, while the completed crime still does, *see United States v. McCoy*, 58 F.4th 72, 74 (2d Cir. 2023) (per curiam). Attempted robbery and completed robbery are therefore necessarily divisible.

Similar analysis confirms the divisible nature of 13 V.S.A. § 1042. The attempt crime and the completed crime have distinct proof requirements. An attempt under Vermont law requires an "intent to commit [the] particular crime" coupled with an "overt act designed to carry out that intent," *State v. McGee*, 163 Vt. 162, 165, 655 A.2d 729, 732 (1995), whereas the completed crime may be committed "wilfully or recklessly" and requires proof that the injury was inflicted, 13 V.S.A. § 1042. The two crimes likewise differ as to the minimum mental-state requirement (intent versus recklessness), and in the conduct or result the government must prove (an "overt act" versus a "bodily injury"). We therefore read the attempt crime and completed crime as two distinct offenses.

## B. State Court Authority

State court decisions also inform whether a statute's components are

"elements or means" for the purposes of divisibility. *Mathis*, 579 U.S. at 517–18; *see also Harbin*, 860 F.3d at 66–67 (analyzing New York state court decisions when determining whether a New York penal statute was divisible into multiple offenses). When "a state court decision definitively answers the question" of elements versus means, one "need only follow what it says." *Mathis*, 579 U.S. at 517–18. The parties disagree on what Vermont courts say.

The Government relies on the Vermont Supreme Court decision in *State v. Phillips*, 219 Vt. 111, 315 A.3d 959 (2024). The defendant in *Phillips* was convicted under an analogous Vermont statute that punishes domestic assault if a deadly weapon is used: "us[ing], attempt[ing] to use, or [being] armed with a deadly weapon and threaten[ing] to use the deadly weapon on a family or household member." 13 V.S.A. § 1043(a)(2). The court concluded that the "plain language" of the statute described three offenses: "(1) using a deadly weapon on a household member; (2) attempting to use a deadly weapon on a household member; or (3) possessing *and* threatening to use a deadly weapon on a household member." *Phillips*, 315 A.3d at 964 (emphasis in original). That holding is powerful support for the Government's reading of § 1042: it divides § 1043(a)(2) along the lines of the disjunctive "or" structure; it separates the attempt crime from

the completed crime; and it recognizes possession, threat, and use as alternative elements, rather than alternative means. *Id.*

In reply, Ross relies on the Vermont Supreme Court's decision in *State v. Fonseca-Cintron*, 213 Vt. 11, 238 A.3d 594 (2019), which concerns double jeopardy. The defendant in *Fonseca-Cintron* was convicted of three domestic assault charges under 13 V.S.A. §§ 1043(a)(1), 1043(a)(2), and 1042, respectively, which are set out in the margin.[5] 238 A.3d at 602. Applying the same-elements test from *Blockburger v. United States*, 284 U.S. 299 (1932), the court concluded that all three charges "required proof of a fact that the others did not," and therefore constituted separate offenses for double jeopardy purposes. *Fonseca-Cintron*, 238 A.3d at 602. Each statute had at least one element that was missing from the others: "intent to cause serious bodily injury" in § 1043(a)(1), "use of a deadly weapon" in § 1043(a)(2), and causing "bodily injury" in § 1042. *Id.* That *Blockburger* analysis, at least in this case, is consistent with the conclusion that 13 V.S.A. § 1042

---

[5] The charges were: (1) "attempt[ing] to cause . . . serious bodily injury to a family or household member" under 13 V.S.A. § 1043(a)(1); (2) being "armed with a deadly weapon and threaten[ing] to use the deadly weapon on a family or household member" under 13 V.S.A. § 1043(a)(2); and (3) "recklessly caus[ing] bodily injury to a family or household member" under 13 V.S.A. § 1042. *Fonseca-Cintron*, 238 A.3d at 602 (citations and internal quotation marks omitted).

is divisible. *Cf. Guillen v. U.S. Att'y Gen.*, 910 F.3d 1174, 1182 (11th Cir. 2018) (relying on Florida state court double jeopardy decisions to conclude that a Florida drug statute was divisible under categorical analysis).

But Ross points to the *Fonseca-Cintron* court's statement that "[d]omestic assault under [13 V.S.A.] § 1042 is clearly one offense." 238 A.3d at 603. Ross places on that statement more weight than it can bear. The observation that § 1042 was "one offense" was *dicta* at best. The majority opinion was contending with a hypothetical scenario posited by the dissent – a scenario in which the defendant could face two § 1042 charges arising from the same conduct, with one of the charges arising as a "lesser-included-offense" instruction. *Id.*; *see also id.* at 604 (Robinson, *J.*, dissenting) (observing that "13 V.S.A. § 1042 is a lesser-included offense of first-degree aggravated domestic assault under 13 V.S.A. § 1043(a)(1)"). In refutation, the *Fonseca-Cintron* majority argued that

> even if defendant could have requested a lesser-included-offense instruction, he could not have received—and our reasoning does not suggest that he could have received—two convictions of domestic assault based on the same criminal act. Domestic assault under § 1042 is clearly one offense, and a defendant cannot receive multiple punishments for violating one offense based on the same criminal act. [*State v.*] *Abel*, 2019 VT 22, ¶ 10, 210 Vt. 1, 210 A.3d 439 [(2019)].

*Id.* at 603. The *Abel* decision in turn discusses the "multiplicity doctrine" – a

13

double jeopardy principle that "prohibits the State from dividing a single criminal act into multiple counts of the same offense." 210 A.3d at 442 (citations and internal quotation marks omitted). Read in essential context, the *Fonseca-Cintron* majority stated that § 1042 was "one offense" in order to show that, under double jeopardy principles, a conviction on two § 1042 charges arising from "the same criminal act" would be multiplicitous. 238 A.3d at 603. Nothing in that refutation of a (hypothetical) double jeopardy argument has useful bearing on whether 13 V.S.A. § 1042 is divisible into separate elements under the modified categorical approach. It is not contended here that the divisible nature of § 1042 can support multiple punishments arising from a single act. The "one offense" language in *Fonseca-Cintron* is of no assistance to Ross. *Id.*

\* \* \*

For all these reasons, we conclude that 13 V.S.A. § 1042 is divisible into three offenses: (1) attempting to cause bodily injury to a household member; (2) willfully or recklessly causing bodily injury to a household member; and (3) willfully causing a household member to fear imminent serious bodily injury.

**IV**

Because 13 V.S.A. § 1042 is divisible, we apply the modified categorical

14

approach to determine which offense underlies Ross's conviction. *Mathis*, 579

U.S. at 505. We may therefore consider, *inter alia*, "the indictment, jury

instructions, or plea agreement and colloquy" from Ross's 2003 conviction in

Vermont state court. *Id.*

Those materials yield a straightforward answer. The State of Vermont's

information charged Ross with "wilfully or recklessly caus[ing] bodily injury to a

family or household member," and referenced no other crimes listed in 13 V.S.A.

§ 1042. App'x at 34. At Ross's change-of-plea hearing, the court explained to

Ross that she was charged with violating § 1042 by "willfully or recklessly

caus[ing] bodily injury to a family or household member," without mentioning

other crimes listed in the statute. App'x at 54. That same day, Ross pled guilty

to the offense as described.

We therefore conclude that Ross was convicted of "wilfully or recklessly

caus[ing] bodily injury to a family or household member." 13 V.S.A. § 1042.

**V**

Finally, we must determine whether willfully or recklessly causing bodily

injury requires proving "the use or attempted use of physical force" under 18

U.S.C. § 921(a)(33)(A)(ii).

Vermont law supplies definitions for the two mental-state terms. Willfulness "cannot well mean less than intentionally and by design." *In re Chase*, 186 Vt. 355, 369, 987 A.2d 924, 934 (2009) (citations and internal quotation marks omitted); *see also State v. Bean*, 202 Vt. 361, 367, 149 A.3d 487, 492 (2016) ("In defining 'willful' and 'willfully' we have emphasized intentionality."). Recklessness, by contrast, requires "*consciously* disregard[ing] a substantial and unjustifiable risk." *State v. Brooks*, 163 Vt. 245, 251, 658 A.2d 22, 26 (1995) (emphasis in original) (citation and internal quotation marks omitted).

The United States Supreme Court has held that "knowing or intentional causation of bodily injury necessarily involves the use of physical force" under 18 U.S.C. § 921(a)(33)(A). *United States v. Castleman*, 572 U.S. 157, 169 (2014). Two years later, in *Voisine v. United States*, 579 U.S. 686 (2016), the Court reached the same conclusion for "reckless conduct" – *i.e.*, conduct that involves "conscious disregard of . . . substantial risk of causing harm." *Id.* at 694. One of the petitioners in *Voisine* pled guilty to a Maine statute that prohibits "'intentionally, knowingly or recklessly caus[ing] bodily injury or offensive physical contact to another person.'" *Id.* at 689–90 (quoting Me. Rev. Stat. tit. 17–A, § 207(1)(A)).

16

The Court ruled that "[a] person who assaults another recklessly 'use[s]' force, no less than one who carries out that same action knowingly or intentionally." *Id.* at 695 (second alteration in original). The petitioner's conviction under the Maine assault statute therefore qualified as a misdemeanor crime of domestic violence. *Id.* at 698–99.

*Castleman* and *Voisine* control here. Under those decisions, Ross's conviction for "willfully or recklessly caus[ing] bodily injury" necessarily required proving, as an element, "the use or attempted use of physical force" under 18 U.S.C. § 921(a)(33)(A)(ii). Ross's conviction therefore constitutes a "misdemeanor crime of domestic violence" under 18 U.S.C. § 922(g)(9).

## CONCLUSION

We have reviewed Ross's other arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of conviction.